**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

                v.                                        14-CR-0009-A
                                                   **ORDER**

SALVATORE LETIZIA,

                Defendant.
_____

      On November 9, 2016, the Court sentenced the Defendant principally to a term of 41 months' imprisonment. The Court also ordered that the Defendant make restitution to his victims in an amount totaling $526,238.64. Of that amount, the Court ordered that the Defendant pay $161,894.12 to the Internal Revenue Service. A judgment reflecting these terms was entered on November 23, 2016. *See* Docket No. 79.

      Several months later, on March 29, 2017, the Government filed a consent motion pursuant to Federal Rule of Civil Procedure 60 seeking to reduce the amount of restitution owed to the IRS.[1] According to the Government's motion, the Defendant's restitution to the IRS is properly calculated at $126,104.65, to be comprised of $90,315.18 in unpaid taxes and $35,789.46 in interest. Neither party disputes the correctness of this calculation. As noted, however, at sentencing, the Court ordered the Defendant to pay the IRS $161,894.12 in restitution. The Court's restitution order was based on calculations in the Defendant's Presentence Investigation Report, which

---

[1] The Government brought its motion pursuant to Federal Rule of Civil Procedure 60. However, because the Government seeks to amend the terms of a criminal sentence, rather than a civil judgment, the Court construes the Government's motion as one brought pursuant to Federal Rule of Criminal Procedure 35.

appear to have inadvertently doubled the amount of interest owed on the Defendant's unpaid taxes.  *See* PSR ¶¶ 34, 85.

Although it is likely that an arithmetical error in the PSR caused the Court's restitution order to be larger than it should have been, the Court lacks jurisdiction to consider the Government's motion.  Federal Rule of Criminal Procedure 35(a) provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  It is well settled that Rule 35(a)'s fourteen-day time limit is jurisdictional.  *See United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995).

The Government's motion, as noted, was filed several months after sentencing. Thus, because the Government seeks to modify the terms of the Court's restitution order, and because restitution in this case was "part of [the] sentence itself," *United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998), the Court lacks jurisdiction to consider the Government's motion.  *See United States v. Rodriguez*, No. 01 CR. 497(RMB), 2008 WL 5203722, at *2 (S.D.N.Y. Dec. 11, 2008); *United States v. Hoffman*, No. 04 Cr. 1040(RMB), 2007 WL 4358462, at *2 (S.D.N.Y. Dec. 10, 2007); *United States v. Isak*, No. 03-CR-80405, 2010 WL 1136718, at *2 (S.D. Mich. Mar. 24, 2010).

## CONCLUSION

For the reasons stated above, the Government's motion to amend the amount of restitution (Docket No. 82) is denied for lack of jurisdiction.

**SO ORDERED.**

Dated: April 4, 2017              ___*s/Richard J. Arcara*___
    Buffalo, New York              HONORABLE RICHARD J. ARCARA
                                                   UNITED STATES DISTRICT JUDGE